## KENNEDY *v.* HAZLETON.

*(Circuit Court, N. D. Illinois.* January 3, 1888.)

PATENTS FOR INVENTIONS—CONTRACT TO ASSIGN—SPECIFIC PERFORMANCE—ISSUE TO OTHER THAN INVENTOR.

A bill to compel the specific performance to assign any patent which defendant might obtain for a certain invention charged that defendant, in order to evade his contract, had obtained the issue to a third party of a patent for an invention of which the defendant was the real inventor. *Held,* on demurrer, that, conceding the facts charged, the patent would be void, and specific performance of a contract to enforce the same would not be decreed.

In Equity. Bill for specific performance. Demurrer to bill.
*Banning & Banning,* for complainant.
*West & Bond,* for defendant.

BLODGETT, J., (*orally.*) The bill in this case charges that on the tenth of July, 1884, the complainant entered into a contract with the defendant, Milton W. Hazleton, by which the latter agreed to assign to the complainant any and all patents which he might thereafter obtain from the United States or the dominion of Canada for certain inventions referring to steam-boilers. The bill then avers that shortly after the making of this contract Hazleton announced that he had in his mind an invention for the improvement of steam-boilers; explained some of the features of it to persons with whom he talked on the subject; and said that he should call it the "Tripod Boiler;" stating the general features of the new device, and especially that he was to divide the stand-pipe into two or three hollow parts, or water-legs, extending through brick-work. The bill then further avers that Hazleton afterwards formed the acquaintance of one Henry C. Goulding, and combined and confederated with him to avoid the effect of the contract with complainant heretofore mentioned; and caused to be prepared at his (Hazleton's) own expense, but in the name of Goulding, the necessary papers for the procurement of letters pat-

ent of the United States for the said invention so made known by him and denominated the "Tripod Boiler;" and that Goulding, for the purpose of enabling Hazleton to avoid his said contract with complainant, and without any consideration received from Hazleton therefor, did assent to the use of his name on the record as the alleged inventor of said improvement; and thereupon Goulding, acting at the request and by the procurement of Hazleton, filed an application, on April 10, 1886, in the patent-office, and such proceedings were had on the application as that on December 14, 1886, letters patent of the United States, No. 349,039, for the said so-called "Tripod Boiler," were, issued to the said Hazleton as assignee of the said Henry C. Goulding. The bill then further avers that Hazleton, on receiving this patent as the assignee of Goulding, the pretended inventor, proceeded to put the invention in use, and has made large profits by the use of this invention, and is continuing to enjoy the fruits of said invention, contrary to his said agreement with complainant, and refuses to assign the same to complainant; and the prayer of the bill is that Hazleton be compelled by the decree of this court to specifically perform the contract which he made with complainant, and to assign to the complainant the patent in question, which is still owned by Hazleton; and also that an accounting be had of the profits made by Hazleton by the use of said patented device, and that he be compelled to pay such profits to the complainant. The defendant demurs to the bill, and relies upon two grounds for his said demurrer: *First*, that the bill is multifarious in that it seeks not only a specific performance of the contract, but also seeks an accounting for the profits which have been made by Hazleton from the use of the patent; *secondly*, that by the showing of the bill itself the complainant is entitled to no relief, because, if the statements in the bill are true,—and they must be taken as true for the purposes of this demurrer,—the patent issued to Goulding is void, inasmuch as there can be no patent issued except to the inventor of the device covered by it.

The latter ground I propose to consider first. The bill charges that Hazleton was the real inventor of the device covered by this patent; that, for the purpose of evading his contract with the complainant, he entered into a conspiracy with Goulding, by which the latter, falsely pretending to be the inventor, filed his application for a patent, and took such steps as that the patent was issued upon such application, when in fact Hazleton was the inventor of the device. There can be no doubt, I think, on the assumption that the statements in the bill are true, that this patent is void in the hands of Hazleton at the present time, and would be void in the hands of complainant. The patent was obtained by fraudulent statements made by Goulding that he was the inventor, and, as Goulding could take nothing by his false and fraudulent statements, so Hazleton took nothing by the assignment of this void patent from Goulding. And if this court should grant the prayer of this bill, and decree an assignment of this patent to complainant, the court would put complainant in a position to impose upon the public by a fraudulent and void patent, as, according to the bill, Hazleton has been doing.

It is urged that it does not lie in the mouth of Hazleton to object that his patent is void, so long as he has by his own acts given it currency, and dealt with it as valid; and there might be some force in this point if the bill did not show that the patent is totally valueless, and void *ab initio*, for the fraudulent practices by which its issue was obtained, so that a court of equity would abuse its high character and prerogative by treating this patent as property. It would be as consistent for the court to compel the conveyance of lands which a party held, or pretended to hold, under a forged deed, when the party seeking to compel such conveyance knew of the forgery. This objection to the bill seems to me so unanswerable that I do not deem it necessary to discuss the question of multifariousness made by the demurrer.

The demurrer is sustained and the bill dismissed.